George Andrews, J.,
delivered the opinion of the Court.
*383 A lot of land in tlie City of Memphis was, by deed, conveyed to Christiana B. Turpin, wife of M. D. L. Turpin, to her sole and separate use; “and with power to her, at her pleasure, to sell, convey, devise, or otherwise dispose of the same, in and when she may see proper, as fully as if she were a feme sole.”
Afterwards, the said Christiana, for the consideration of one thousand dollars in cash paid to her, conveyed the lot, by deed, to Maggie Sherman, the wife of the complainant, George Sherman. This sale and conveyance were made by Christiana B. Turpin alone, her husband being absent from this State, and was acknowledged by her as if she were a feme sole.
About a year after the making of this conveyance by Mrs. Turpin, she and her husband brought a suit in ejectment, to recover the said lot, against the grantee, Maggie Sherman, and her husband. The bill in this cause was filed to enjoin the prosecution of this ejectment suit. All objections to the jurisdiction was expressly waived by the defendants.
It is claimed, on behalf of the defendants to this bill, that the deed in question was obtained from Mrs. Turpin under circumstances of fraud and oppression; and that it is void as well for that reason, as because it was executed by her alone without the join-der of her husband, and certificate of privy acknowledgment, as required by law in case of the deeds of married women.
The proof fails to show that any fraud, misrepresentation, or oppression, was practiced upon Mrs. Turpin, in regard to the sale of the land. The purchase *384 was made by the complainants fairly, deliberately, and at the solicitation of Mrs. Turpin, she then being in treaty with two other parties for the sale of the same lot, and at about the price paid by complainants.
We have no doubt, that, under the deed by which the lot was conveyed to Mrs. Turpin as her separate estate, she had full power to make the conveyance to Mrs. Sherman. The subject of the powers of married women to convey their separate estates in land, has been discussed, and the cases in this State examined in the case of Young vs. Young, decided at the present, term. Without repeating the discussion there had, it is sufficient to say, that the settled rule in this State is — that a married woman may have, in regard to the disposition of her separate estate in lands, the full powers of a feme sole, if so expressed in the instrument creating the estate. Conveying as a feme sole, under the power conferred by the settlement, her privy examination as a feme covert becomes unnecessary. This necessarily follows, and is so held in England, under the statute for the abolition of fines and recoveries: Lewis on Trusts, 646.
This deed, in express terms, confers on Mrs. Turpin the most complete power to deal with the estate, as a feme sole. The conveyance made by her was such as she was authorized to make, and no fraud, misrepresentation, or oppression, or other reason being shown, for avoiding the deed, the decree of the Chancellor, perpetually enjoining the suit in ejectment, must be affirmed